08 CV 5547

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KAYE SCHOLER LLP,                                    :

                      Plaintiff,               :

v.                                                                      :           COMPLAINT

CNA HOLDINGS INC. AND CELANESE            :           JUN 19 2008
AMERICAS CORPORATION,                               :           U.S.D.C. S.D.N.Y.
                                                                                        CASHIERS
                      Defendants.           :
---------------------------------------------------------------X

        Plaintiff Kaye Scholer LLP ("Kaye Scholer"), for its Complaint herein, pleads and alleges upon knowledge as to itself and its own acts, and upon information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

        1.       This is an action to recover unpaid legal fees, disbursements and costs owed by defendants CNA Holdings Inc. ("CNA") and Celanese Americas Corporation ("Celanese Americas," together with CNA, the "Celanese Entities") to plaintiff Kaye Scholer for its performance of legal services for the Celanese Entities, as well as an action for a declaration of the extent to which Kaye Scholer performed legal services for the Celanese Entities in accordance with the standards of care applicable to professionals providing legal representation.

### PARTIES

        2.       Plaintiff Kaye Scholer is a New York limited liability partnership engaged in the practice of law with offices located at 425 Park Avenue, New York, New York 10022.

        3.       Upon information and belief, defendant CNA is a Delaware corporation with its principal place of business in Dallas, Texas.

1

31227220.WPD

4.     Upon information and belief, defendant Celanese Americas is a Delaware corporation with its principal place of business in Dallas, Texas.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship among the plaintiff and defendants and the amount in controversy exceeds $75,000, exclusive of costs and interest.

6.     This Court has personal jurisdiction over each of the defendants because they are subject to jurisdiction pursuant to Section 302 of the New York Civil Practice Law and Rules.

7.     Venue is proper in this Court under 28 U.S.C. § 139 (a)(2) because the Celanese Entities contracted with Kaye Scholer for the provision of legal services in this district and the cause of action arose in this district.

## STATEMENT OF FACTS

8.     In or about September 2002, the Celanese Entities retained Kaye Scholer to, among other things, represent them in connection with an indemnity demand letter dated April 2, 2001 received from Arteva Specialties, S.á.r.l. and Arteva Services, S.á.r.l and to represent them in connection with any civil antitrust litigation arising from a Department of Justice grand jury investigation of criminal violations of the federal antitrust laws by United States-based manufacturers of polyester staple.

9.     Beginning in 2003, one or more of the Celanese Entities, among others, was named as a defendant in various related civil antitrust actions pending in the United District Court for Western District of North Carolina, Charlotte Division. These actions were consolidated in that Court in a Multi District Litigation proceeding styled *In re: Polyester Staple Antitrust Litig.*, MDL

Docket No. 03-cv-1516 (the "MDL"). In 2003, the Celanese Entities were also named as defendants in a litigation pending in the Southern District of New York entitled, *Koch Industries, Inc., KoSa B.V., Arteva Specialties, S.á.r.l., and Arteva Services, S.á.r.l. v. Hoechst Aktiengesellschaft, Celanese Aktiengesellschaft, CNA Holdings, Inc. and Celanese Americas Corporation*, 03-cv-8679 (the "New York Case"). Kaye Scholer represented the Celanese Entities in the MDL and the New York Case through June 2006.

10. In connection with Kaye Scholer's representation of the Celanese Entities, the Celanese Entities promised, consented, and otherwise agreed to compensate Kaye Scholer for legal services at agreed upon hourly rates and to reimburse Kaye Scholer for any disbursements or other costs incurred for the Celanese Entities' account and benefit. The Celanese Entities understood that Kaye Scholer expected to receive payment of such sums of money and promised, consented, and otherwise agreed to pay Kaye Scholer.

11. Kaye Scholer understood that the Celanese Entities had obligated themselves to pay for the services to be rendered by Kaye Scholer. Based on this understanding, Kaye Scholer recorded the attorney time, disbursements and other costs expended by Kaye Scholer on behalf of the Celanese Entities.

12. During the period between September 2002 and June 2006, Kaye Scholer attorneys and other employees spent hundreds of hours on legal services for the Celanese Entities and Kaye Scholer advanced and expended various sums of money as disbursements for the account and benefit of the Celanese Entities.

13. The Celanese Entities received numbered invoices from Kaye Scholer fully describing the work performed on the Celanese Entities' behalf, the names of the attorneys performing the work, their hourly rate, and the amount of time they each devoted to work on the

Celanese Entities' behalf. In addition, Kaye Scholer's invoices included a detailed list of costs and disbursements advanced on the Celanese Entities' account for the relevant period.

14. The Celanese Entities have failed to pay the full amounts due under Kaye Scholer's invoices and currently owe Kaye Scholer an amount in excess of $75,000.

## COUNT I – BREACH OF CONTRACT

15. Kaye Scholer repeats and realleges the allegations contained in paragraphs 1 through 14 of this Complaint as if set forth fully herein.

16. By refusing and failing to pay for legal services and disbursements as they agreed and contracted to do, the Celanese Entities breached their contract to compensate Kaye Scholer for the work and services Kaye Scholer performed and the money it advanced at the request or on behalf of the Celanese Entities.

17. As a result of the Celanese Entities' breach of contract, Kaye Scholer has been damaged in the amount in excess of $75,000.

## COUNT II – QUANTUM MERUIT

18. Kaye Scholer repeats and realleges the allegations contained in paragraphs 1 through 17 of this Complaint as if set forth fully herein.

19. The above services rendered by Kaye Scholer to the Celanese Entities, which the Celanese Entities accepted and for which they agreed to compensate Kaye Scholer, but for which the Celanese Entities have not yet paid, have a reasonable value in excess of $75,000.

20. The Celanese Entities have failed and refused to pay for these services. Kaye Scholer is therefore entitled to recover the reasonable value of the services it provided, but for which the Celanese Entities have failed to pay, in an amount in excess of $75,000.

## COUNT III – DECLARATORY JUDGMENT

21. Kaye Scholer repeats and realleges the allegations contained in paragraphs 1 through 20 of this Complaint as if set forth fully herein.

22. There is a *bona fide* dispute and actual controversy among the parties concerning the extent to which Kaye Scholer's legal services to the Celanese Entities were in accordance with the standards of care ordinarily provided by professionals providing legal representation and consistent with any fiduciary duty owed to the Celanese Entities.

23. Kaye Scholer is entitled to a declaration of the extent to which, under the applicable law, (a) the services performed by Kaye Scholer met the standard of care for professionals providing legal representation, and (b) Kaye Scholer acted consistently with its fiduciary duties, if any.

WHEREFORE, plaintiff Kaye Scholer requests that this Court enter judgment against defendants as follows:

(a) Awarding damages in an amount to be proved at trial, but not less than $75,000;

(b) Awarding attorney's fees and costs incurred by Kaye Scholer in connection with this action;

(c) Granting Kaye Scholer a declaration of the extent to which the law firm's services were in accordance with ordinary standards of care for legal professionals and Kaye Scholer acted consistently with its fiduciary duties, if any; and

(d) Granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 19, 2008

                                                                              Aaron Rubinstein
                                                                              KAYE SCHOLER LLP
                                                                              425 Park Avenue
                                                                              New York, New York 10022
                                                                              (212) 836-8000
                                                                              *Attorney for Plaintiff*

**OF COUNSEL**
John K. Villa
David S. Blatt
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 2005
(202) 434-5000

31227220.WPD                              6